**In re Larry Gene BOUNDS, Debtor.**

**Bankruptcy No. 89–20193–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, N.D.

March 30, 1990.

---

Robert M. Clayton, II, Hannibal, Mo., Norman W. Lampton, Columbia, Mo., former atty., for debtor.

Clifford H. Ahrens, Hannibal, Mo., for Farm Credit Bank of St. Louis.

Fredrich J. Cruse, Hannibal, Mo., for United Missouri Bank.

Charles W. Riske, Kirkwood, Mo., trustee.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The continued hearing upon the Motion of the United Missouri Bank of Paris to Consolidate this case with Case No. 90–20013–BKC–JJB (Motion T), and the Debtors' oral motion to join therein was called on March 27, 1990. The Debtors and the United Missouri Bank of Paris presented oral arguments upon the record. The Farm Credit Bank of St. Louis and the Farmers Home Administration appeared by Counsel and presented oral arguments in opposition to consolidation. Upon consideration of the record as a whole in each of these cases, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A) and (O). Substantive consolidation of cases pending in the same court by or against the same debtor is recognized by Bankruptcy Rule 1015. Substantive consolidation of cases involving different debtors has been recognized by some courts upon a showing of particular circumstances. *Sampsell v. Im-*

*perial Paper,* 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941); *Chemical Bank New York Trust Co. v. Kheel,* 369 F.2d 845, 847 (2nd Cir.1966); *In re Parkway Calabasas, Ltd.,* 89 B.R. 832 (Bankr.C.D.Cal.1988).

■ Neither the Bankruptcy Code nor the Rules of Bankruptcy Procedure require consolidation of cases involving a partnership.

■ The creditors listed in the cases being considered here are not identical. Although there appears to be some cross-collateralization, the assets in these two cases are not identical.

The record has established that some of the creditors in these cases did not deal with these individual Debtors as though they were a partnership. Therefore, the interests of these creditors may be harmed by a substantive consolidation of these individual cases to the extent that the value of their interests may be diluted.

Other than the perceived inconvenience which may be experienced, the Debtors will not be harmed or prejudiced by separate administration of these cases. Furthermore, the interests of the creditors in each case can be fairly and fully provided for without substantive consolidation by means of a joint plan or other appropriate means.

IT IS ORDERED that this hearing be concluded; and that the Joint Motion of the Debtors and the United Missouri Bank of Paris for substantive consolidation of Bankruptcy Cases No. 89–20193–BKC–JJB and No. 90–20013–BKC–JJB is DENIED; and that the Court's previous orders which directed joint administration of these matters shall continue.